**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001391
13-MAY-2015
07:46 AM**

NO. CAAP-13-0001391

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL COPELAND, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 11-1-0046)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth, Ginoza, JJ.)

Defendant-Appellant Michael Copeland (Copeland) appeals from the "Judgment of Conviction of Probation Sentence" (Judgment) entered on March 5, 2013, and the "Order of Resentencing Revocation of Probation" (Resentencing Order) entered on May 15, 2013, in the Family Court of the First Circuit (family court).[1]

In the Resentencing Order, the family court found that Copeland inexcusably failed to comply with a substantial requirement of the Judgment setting forth the terms and conditions of probation.  Copeland had been on probation stemming from his guilty plea to three counts: Count I, Abuse of Family or Household Members, in violation of Hawaii Revised Statutes (HRS) § 709-906(1) & (8) (Supp. 2011); Count II, Terroristic Threatening in the Second Degree, in violation of HRS § 707-717 (2014); and Count III, Refusal to Comply with a Lawful Order of a

---

[1]  The Honorable Rom A. Trader presided.

Police Officer, in violation of HRS § 709-906(1), (4) & (5)(a) (Supp. 2011). As a result of Copeland's failure to comply with the terms of his probation, the family court *inter alia* resentenced Copeland as to Count I, a class C felony, from five years of probation (which included a special condition of one year imprisonment), to five years of imprisonment.[2]

On appeal, Copeland does not challenge the revocation of probation, but contends that the family court committed plain error and violated his equal protection rights when it resentenced him for a felony rather than a misdemeanor, relying on State v. Modica, 58 Haw. 249, 567 P.2d 420 (1977).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Copeland's point of error as follows and affirm.

Hawai'i Rules of Penal Procedure Rule 52(b) provides that "[p]lain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Therefore, an appellate court "may recognize plain error when the error committed affects substantial rights of the defendant." State v. Staley, 91 Hawai'i 275, 282, 982 P.2d 904, 911 (1999) (citation and internal quotation marks omitted).

The appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006) (citation and block quote format omitted). An appellate court's "power to deal with plain

---

[2] The family court declined to impose a new sentence for Counts II and III, for which Copeland had been sentenced to one year probation (including a special condition of six months imprisonment), because Copeland had already served one year in jail with credit for time served and had therefore served his sentence on these two counts.

error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system--that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes." Id. at 335, 141 P.3d at 982 (citation and block quote format omitted).

Copeland pled guilty to the felony subsection of HRS § 709-906, expressly acknowledging that he "committ[ed] the offense of Abuse of Family or Household Members, a Class C Felony, in violation of Section 709-906(1) and (8) of the Hawaii Revised Statutes." As part of the plea deal, Copeland was sentenced on Count I to five years of probation, including a special condition of one year imprisonment. The Terms and Conditions of Probation cautioned Copeland that "UPON ANY FAILURE TO COMPLY WITH EACH OF THE TERMS AND CONDITIONS OF YOUR PROBATION, INCLUDING SPECIAL CONDITIONS, THE COURT MAY REVOKE YOUR PROBATION AND SENTENCE YOU TO PRISON OR CHANGE OR ADD TO THE CONDITIONS OF YOUR PROBATION." The Judgment was entered on March 5, 2013. Subsequently, Copeland violated the terms of his probation.

Copeland's notice of appeal, filed on June 11, 2013, purports to appeal from both the Judgment and the Resentencing Order. However, he did not timely appeal from the March 5, 2013 Judgment.[3] We thus do not have appellate jurisdiction to review the Judgment and Copeland cannot now challenge his guilty plea or his original sentence for committing a felony. Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) ("As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, and we must dismiss an appeal on our motion if we lack jurisdiction." (citations, quotation marks, and brackets omitted)).

---

[3] Pursuant to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(b), Copeland had thirty days to file an appeal from the Judgment. The thirtieth-day after entry of the Judgment was April 4, 2013. Therefore, Copeland's notice of appeal was sixty-eight days late with regard to the Judgment.

Further, although Copeland did timely appeal from the Resentencing Order, he presents no argument on appeal challenging the revocation of his probation or explaining how the Judgment convicting him of a felony can be amended or changed at this point when he failed to timely appeal from the Judgment. We thus conclude that the family court did not plainly err in revoking Copeland's probation, or in resentencing Copeland for the felony to which he had pled guilty and upon which Judgment had entered, from which Copeland did not timely appeal.

Even if we consider Copeland's arguments related to his resentencing, he fails to demonstrate plain error. His reliance on Modica is misplaced. Modica provides that

> where the same act committed under the same circumstances is punishable either as a felony or as a misdemeanor, under either of two statutory provisions, and the elements of proof essential to either conviction are exactly the same, a conviction under the felony statute would constitute a violation of the defendant's rights to due process and the equal protection of the laws.

58 Haw. at 251, 567 P.2d at 422.

HRS § 709-906 provides in pertinent part:

> §709-906 Abuse of family or household members; penalty. (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). . . .
>
> . . . .
>
> (5) Abuse of a family or household member and refusal to comply with the lawful order of a police officer under subsection (4) are misdemeanors . . . [.]
>
> . . . .
>
> (8) Where the physical abuse consists of intentionally or knowingly impeding the normal breathing or circulation of the blood of the family or household member by applying pressure on the throat or the neck, abuse of a family or household member is a class C felony.

(Emphasis added.) HRS § 709-906(8) requires an additional element, "intentionally or knowingly impeding the normal breathing or circulation of the blood of the family or household member by applying pressure on the throat or the neck," that is not a necessary element for a misdemeanor conviction under HRS

4

§ 709-906.[4]  Thus, an action could be violative of the misdemeanor subsection but not subsection (8).  Copeland's equal protection rights have not been violated pursuant to <u>Modica</u>.  <u>See</u> 58 Haw. at 250-51, 567 P.2d at 421-22 ("A denial of [the defendant's constitutional] rights would be the result, only if a violation of the misdemeanor statute . . . would invariably and necessarily constitute a violation of the felony provision . . . .").

Copeland's equal protection challenge is also based on his claim that HRS § 709-906 does not satisfy rational basis review in that the legislative classification of some forms of domestic violence as a felony and others as a misdemeanor is unreasonable and arbitrary and lacks a rational relation to legitimate government objectives.[5]  In addressing an equal protection challenge to the family abuse statute, the Hawai'i Supreme Court stated:

> We apply a two-step test to determine whether a statute passes constitutional scrutiny under the rational basis test.  First, we must ascertain whether the statute was passed for a legitimate governmental purpose.  Second, if the purpose is legitimate, the court must determine whether the statute rationally furthers that legitimate government interest.  In making that inquiry, a court will not look for empirical data in support of the statute.  It will only seek to determine whether any reasonable justification can be conceived to uphold the legislative enactment.  In other words, could the Legislature have rationally believed that the statute would promote its objective.

<u>State v. Friedman</u>, 93 Hawai'i 63, 73-74, 996 P.2d 268, 278-79 (2000) (citations, quotation marks, brackets, emphasis, and ellipsis omitted).

---

[4]  A misdemeanor offense under HRS § 709-906 requires the offender in part to "physically abuse" a family or household member.  HRS § 709-906(1).  "To 'physically abuse' someone is to 'maltreat in such a manner as to cause injury, hurt or damage to that person's body.'" <u>State v. Fields</u>, 115 Hawai'i 503, 530, 168 P.3d 955, 982 (2007) (citation, block quote format and brackets omitted).

[5]  Copeland contends that varying the classification of crimes based on the method of abuse and not the harm caused by the abuse is unconstitutional.  Assuming this consideration is valid, this contention is without merit because the classification of strangulation is partly based on harm inflicted, i.e., the impediment of normal breathing or circulation of blood.

The Hawai'i Supreme Court has expressly recognized the State's interest in curbing domestic violence, see id. at 73-74, 996 P.2d at 278-79, and classifying strangulation as a class C felony furthers this interest.  The legislature added subsection (8) to HRS § 709-906 in 2006.  2006 Haw. Sess. Laws Act 230, § 46 at 1022.  The legislature enacted subsection (8) to add "strangulation to domestic violence, making it a Class C felony[,]" an action supported by many groups.  H. Stand. Comm. Rep. No. 665-06, in 2006 House Journal, at 1360.  Subsection (8) is one of three subsections to HRS § 709-906 that elevates physical abuse of a family or household member from a misdemeanor to a class C felony.  The other two are subsection (7), when an abuser commits a third or subsequent offense within two years of a second or subsequent conviction, and subsection (9), when the physical abuse occurs in the presence of a family or household member under fourteen years of age.  Like subsections (7) and (9), subsection (8) of HRS § 709-906 appears to assign greater punishment for acts that have a greater likelihood of causing trauma or suffering to the victim, family and/or household.  Because the State has a legitimate interest in protecting the health, safety, and welfare of its citizens, and given the legislature's emphasis on deterring domestic violence, see Friedman, 93 Hawai'i at 74, 996 P.2d at 279, it is reasonable that the legislature sought to protect Hawai'i citizens by requiring greater criminal punishment to the intentional or knowing strangulation of a family or household member that impedes normal breathing or circulation of blood.

We thus conclude that, in adopting HRS § 709-906(8), the legislature had a legitimate governmental purpose of curbing domestic violence, and that subsection (8) rationally furthers that legitimate governmental interest.  Copeland's equal protection rights have not been violated.

Therefore IT IS HEREBY ORDERED that the "Order of Resentencing Revocation of Probation", entered on May 15, 2013, in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, May 13, 2015.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant

Brandon H. Ito
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge